# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>PAUL F DAVIS<br>    Debtor | Case No. 25-11312-djb<br><br>Chapter 13 |
| PHH Mortgage Corporation,<br>    Movant | |
| vs.<br>PAUL F DAVIS<br>    And<br>DOLORES A. NAULTY-DAVIS, (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

**ORDER MODIFYING §362 AUTOMATIC STAY AND §1301 CO-DEBTOR STAY**

**AND NOW**, this _____ day of _____, 20____, at **PHILADELPHIA**, upon Motion of PHH Mortgage Corporation (Movant), it is:

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 and 11 U.S.C. §1301 Co-Debtor Stay is granted with respect to, 2517 S 18th St, Philadelphia, Pennsylvania 19145 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to permit Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(4) is not applicable and may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
Derek J Baker
BANKRUPTCY JUDGE